Case 1:07-cv-06356   Document 1   Filed 11/08/2007   Page 1 of 9

FILED
NOVEMBER 8, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07 C 6356

JUDGE CASTILLO
MAGISTRATE JUDGE BROWN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| BACK TO BED, INC., an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>MID-AMERICA MANAGEMENT CORPORATION, a Michigan corporation,<br><br>Defendant. | **JURY TRIAL DEMANDED**<br><br>No.<br><br>Judge<br>Magistrate Judge |

**VERIFIED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES**

As and for its Verified Complaint for Preliminary and Permanent Injunctive Relief and Damages ("Complaint") against Defendant Mid-America Management Corporation ("Mid-America"), Plaintiff Back to Bed, Inc. ("Back to Bed") alleges:

**NATURE OF THE ACTION**

1.  Back to Bed brings this action to preliminarily and permanently enjoin Mid-America from violating an exclusive-use provision contained in a Lease Agreement (the "Lease"), as amended (the "Lease Amendment"), between Back to Bed and Mid-America for use of retail space in the DeKalb County/Oakland Place Shopping Center (the "Shopping Center"). Back to Bed also seeks to recover its lost profits, attorneys' fees and costs as is its express right under the Lease.

2.  Specifically, in direct (and flagrant) violation of the express terms of the Lease and Lease Amendment, Mid-America recently let retail space within the Shopping Center to The Bedding Experts, Inc. (the "Bedding Experts"), a direct competitor of Back to Bed. Back to Bed notified Mid-America of its violation on numerous occasions (in writing and verbally), but Mid-

CHICAGO/#1708341.5

America's management has, in bad faith and in violation of the covenant of good faith and fair dealing implied in all Illinois contracts, refused to respond. As a result of Mid-America's wrongful conduct, Back to Bed has suffered significant and irreparable harm and, if Mid-America is not preliminarily and permanently enjoined, Back to Bed will continue to suffer significant irreparable harm.

## THE PARTIES

3. Back to Bed is an Illinois corporation principally located at 700 Hilltop Drive, Itasca, Illinois 60143. Back to Bed is in the business of, among other things, the retail sale of mattresses, box springs, bed frames, bed headboards, brass bed pieces and related bedding and bedroom furniture throughout Chicago, Illinois. At all times relevant to this dispute, Back to Bed has operated a retail store within the Shopping Center pursuant to the Lease and Lease Amendment.

4. On information, Mid-America is believed to be a Michigan corporation principally located at 1111 Superior Avenue, Cleveland, Ohio 44114. Mid-America is in the business of, among other things, acquiring, managing, and developing commercial, retail and residential properties in the Midwest, including Illinois. Mid-America owns and manages the Shopping Center.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Mid-America because Mid-America regularly conducts business in the State of Illinois. This Court also has personal jurisdiction over Mid-America under Illinois' Long Arm Statute, 735 ILCS 5/2-209(1) and (7) because this action arises out of Mid-America's: (i) transaction of business in Illinois; and (ii) the making and performance of a contract substantially connected to Illinois.

CHICAGO/#1708341.5

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (c) because Mid-America is deemed to reside in this district based on its contacts, and because a substantial part of the events or omissions giving rise to Back to Bed's claims occurred here.

## STATEMENT OF FACTS

8. Mid-America and Back to Bed are parties to the Lease and Lease Amendment. The Lease and Lease Amendment, which are both dated January 8, 2002, are valid and binding. A true and correct copy of the Lease and Lease Amendment are attached hereto as Exhibit 1.

9. Mid-America became a party to the Lease and Lease Amendment when it acquired the Shopping Center in or about 2006 from the landlord, Sycamore Center DeKalb, LLC. Sycamore Center DeKalb, LLC had previously acquired the Shopping Center from the original landlord, Sunil DeKalb, L.L.C.

10. Back to Bed became a party to the Lease and Lease Amendment when it entered into an assignment with the original tenant, Mattress Giant Corporation, on or about December 22, 2005. The assignment of the Lease and Lease Amendment from Mattress Giant Corporation to Back to Bed (the "Assignment") was valid, binding and consented to by Sycamore Center DeKalb, LLC as landlord of the Shopping Center. A true and correct copy of the Assignment is attached hereto as Exhibit 2.

11. Since December 22, 2005, Back to Bed has continuously occupied retail space within the Shopping Center, which space is commonly known as 2395 Sycamore Road, DeKalb, Illinois (the "Premises"). Back to Bed has performed all obligations required of it under the Lease and Lease Amendment, and is not in breach thereof.

CHICAGO/#1708341.5

12. The Lease Amendment contains the following exclusivity provision with regard to Back to Bed's use of the Premises:

> <u>Exclusive</u>. Landlord agrees that so long as Tenant uses the Premises for the retail sale of mattresses, box springs, bed frames, bed headboards, brass bed pieces and related bedding and bedroom furniture and related items (the "Exclusive Items"), no other tenant or occupant of the Shopping Center shall be entitled to use its premises for the sale of the Exclusive Items, subject to the rights of existing tenants set forth on <u>Exhibit "E"</u> of the Lease.

13. In addition, paragraph 28.2 of the Lease contains the following choice of law provision: "This Lease is declared to be an Illinois contract, and all of the terms thereof shall be construed according to the internal laws of the State of Illinois, that is without reference to any conflict provision."

14. Moreover, the Lease and Lease Amendment also provide that in the event a party breaches any of the terms of the Lease and/or Lease Amendment, the non-breaching party is entitled to commence legal proceedings and, if successful, shall be further entitled to recover its reasonable attorneys' fees and costs.

15. The Bedding Experts is in the business of, among other things, the retail sale of mattresses, box springs, bed frames, bed headboards, brass bed pieces and related bedding and bedroom furniture. The Bedding Experts and Back to Bed are direct competitors.

16. Recently, in flagrant violation of the Lease and Lease Amendment, Mid-America not only entered into a lease agreement with the Bedding Experts, but also permitted the Bedding Experts to open and operate its business within the Shopping Center all without the consent, and over the objection of, Back to Bed.

17. At no time did Mid-America or the Bedding Experts inform Back to Bed that they (Mid-America and the Bedding Experts) had entered into negotiations for the lease of, or actually leased, retail space within the Shopping Center. To the contrary, Back to Bed first

learned that Mid-America was negotiating with the Bedding Experts for the lease of retail space within the Shopping Center in September 2007. Immediately thereafter, Back to Bed contacted Mid-America's management to inquire into these negotiations and to remind Mid-America of its obligations under the exclusivity provision of the Lease and Lease Amendment. Mid-America's management represented that they would "look into it."

18. Receiving no further response, Back to Bed called Mid-America's offices and left detailed voicemails on each such occasion requesting assurances that Mid-America discontinue its violation of the Lease and Lease Amendment. Mid-America refused to respond to these messages. Back to Bed then notified Mid-America's management, in writing, that Back to Bed objected and considered the leasing of retail space in the Shopping Center to the Bedding Experts to be a violation of the Lease and Lease Amendment. A true and correct copy of Back to Bed's notice, dated October 9, 2007, is attached hereto as Exhibit 3.

19. Mid-America's management did not respond to Back to Bed's October 9, 2007, letter. Thereafter, Back to Bed learned that the Bedding Experts began advertising that it was opening a location within the Shopping Center. A true and correct copy of the Bedding Experts' advertisement is attached hereto as Exhibit 4.

20. On October 16, 2007, Back to Bed's legal counsel wrote to Mid-America requesting a response to Back to Bed's written notice and assurances that Mid-America would not lease retail space within the Shopping Center to the Bedding Experts in violation of the Lease and Lease Amendment. A true and correct copy of counsel's letter, dated October 16, 2007, is attached hereto as Exhibit 5.

21. Notwithstanding the express exclusivity provision and Back to Bed's numerous demands and phone messages, Mid-America has provided Back to Bed with no assurances that it

will discontinue its violation of the Lease and Lease Amendment. Mid-America continues to violate the exclusivity provision of the Lease and Lease Amendment. Indeed, Mid-America's own website, www.midamco.com, demonstrates that Mid-America agreed to lease retail space within the Shopping Center to the Bedding Experts. A true and correct copy of a page from Mid-America's website is attached hereto as Exhibit 6.

### COUNT I – BREACH OF CONTRACT – PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

22. Back to Bed restates and incorporates by reference paragraphs 1 through 21 above.

23. Mid-America has breached the Lease and Lease Amendment in one of more of the following ways:

   (a) negotiating and agreeing to lease retail space within the Shopping Center to the Bedding Experts; and

   (b) failing to provide assurances in response to Back to Bed's written notice and otherwise acting in contravention of the covenant of good faith and fair dealing that is implied in all Illinois contracts.

24. Back to Bed has a protectable interest in the enforcement of the Lease and Lease Amendment and, in particular, the exclusivity provision.

25. Mid-America's breaches have caused and, if not enjoined, will continue to cause, irreparable harm to Back to Bed's competitive advantage, customer relationships and Back to Bed's goodwill, for which Back to Bed has no adequate remedy at law.

26. The harm that Back to Bed will suffer if Mid-America is not enjoined from further breaching the Lease and Lease Amendment far outweighs the harm (if any) that Mid-

America might suffer by being ordered to honor its obligations under the Lease and Lease Amendment.

27. Public interest favors preliminarily and permanently enjoining Mid-America because the public interest is best served by enforcing valid contracts which include the Lease and Lease Amendment.

### COUNT II – BREACH OF CONTRACT – DAMAGES

28. Back to Bed restates and incorporates by reference paragraphs 1 through 23 above.

29. In addition to causing irreparable harm to Back to Bed's competitive advantage, customer relationships and Back to Bed's goodwill for which Back to Bed has no adequate remedy at law, Mid-America's breaches have also directly and proximately caused Back to Bed to suffer actual damages including, but not limited to, lost profits, as well as attorneys' fees and costs for which Back to Bed is expressly entitled to recover under the Lease and Lease Amendment.

30. Further, Back to Bed is paying annual rent under the Lease and Lease Amendment in the amount of $128,800. However, as a direct and proximate result of Mid-America's breaches of the Lease and Lease Amendment, the value of the Lease and Lease Amendment have substantially diminished.

WHEREFORE, Plaintiff Back to Bed, Inc. respectfully requests that this Court:

A. Preliminarily enjoin Defendant Mid-America Management Corporation, and all those persons and entities acting in concert with Defendant Mid-America Management Corporation, from further violating the exclusivity provision contained in the Lease and Lease Amendment including, but not limited to, the letting of retail space in the Shopping Center to The Bedding Experts, Inc.;

CHICAGO/#1708341.5

B.    Enter judgment against Defendant Mid-America Management Corporation for its breaches of the Lease and Lease Amendment and permanently enjoin Defendant Mid-America Management Corporation, and all those persons and entities acting in concert with Defendant Mid-America Management Corporation, from further violating the exclusivity provision contained in the Lease and Lease Amendment including, but not limited to, the letting of retail space in the Shopping Center to The Bedding Experts, Inc.;

C.    Award Plaintiff Back to Bed, Inc. its actual damages in an amount to be determined at trial;

D.    Award Plaintiff Back to Bed, Inc. its reasonable attorneys' fees and costs; and

E.    Grant any further relief to Plaintiff Back to Bed, Inc. which is appropriate and just under the circumstances.

Respectfully submitted,

PLAINTIFF BACK TO BED, INC.

By: s/ Stanley B. Block
      One of Its Attorneys

Stanley B. Block
Chad A. Schiefelbein
William W. Thorsness
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601-1003
Telephone: (312) 609-7500
Facsimile: (312) 609-5005

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

_____
Vito Favia, Vice President,
Back to Bed, Inc.

Executed on: November 8, 2007.