IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BACK TO BED INC., an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>MID-AMERICA MANAGEMENT CORPORATION, a Michigan corporation,<br><br>Defendant. | No. 1:07 CV 06356<br><br>Judge Castillo<br><br>Magistrate Brown |

## NOTICE OF FILING

To:   David T. Meehan
      Kristin H. Sculli
      McGuireWoods, LLP
      77 West Wacker Drive, Suite 4100
      Chicago, Illinois 60601-1635

PLEASE TAKE NOTICE that on January 10, 2008, there was filed with the Clerk of the United States District Court for the Northern District of Illinois, the attached JOINT INITIAL STATUS REPORT, a true and correct copy of which is herewith served upon you.

Respectfully submitted,

BACK TO BED, INC.

By: _____
    One of Its Attorneys

Stanley B. Block
Chad A. Schiefelbein
William W. Thorsness
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
(312) 609-7500

CHICAGO/#1735063.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

FILED
JAN 10 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| BACK TO BED, INC., an Illinois corporation, | |
| Plaintiff, | |
| v. | No. 1:07-cv-06356 |
| MID-AMERICA MANAGEMENT CORPORATION, a Michigan corporation, | Judge Castillo<br>Magistrate Brown |
| Defendant. | |

## JOINT INITIAL STATUS REPORT

Plaintiff Back to Bed, Inc. ("Back to Bed") and Defendant Mid-America Management Corporation ("Mid-America") hereby submit the following Joint Initial Status Report:

### I. NATURE OF THE CASE

**A. Bases for jurisdiction, nature of the claims and counterclaims.**

Back to Bed asserts that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1).

Back to Bed alleges that Mid-America violated an exclusive-use provision contained in a lease for use of retail space in the DeKalb County/Oakland Place Shopping Center.

Mid-America asserts that it is not the proper defendant in this case as it is not a party to the lease. Mid-America further denies all liability.

**B. Relief sought by plaintiff, including computation of claimed damages, if available.**

Back to Bed seeks to preliminarily and permanently enjoin Mid-America from violating the exclusive-use provision contained in the lease. Back to Bed also seeks to recover its lost profits, lost value of the lease (rent reduction) as well as its attorneys' fees and costs. A computation of actual damages is not yet available but are estimated to be in excess of $250,000.

Mid-America asserts that it is not a party to the lease and therefore it cannot be enjoined or held liable for any damages. Mid-America further maintains that Back to Bed is not entitled to the relief it seeks.

CHICAGO/#1733755.2

C.  **Names of any parties that have not been served.**

All parties have been served and appearances have been filed on behalf of all parties. However, based upon representations made by Mid-America's counsel, it is Back to Bed's understanding that additional parties may need to be substituted or joined, including Sycamore Center DeKalb, LLC as purported landlord.

D.  **Major legal Issues**

Whether the exclusive use provision contained in the lease's addendum is enforceable.

If the court finds that the exclusive use provision contained in the lease's addendum is enforceable and a violation of such provision has occurred, whether Back to Bed will be irreparably harmed if Mid-America is not enjoined.

If the court finds that the exclusive use provision contained in the lease's addendum is enforceable and a violation of such provision has occurred, whether Back to Bed is entitled to the damages it seeks under the lease.

E.  **Major factual issues.**

The ownership of the DeKalb County/Oakland Place Shopping Center.

F.  **Citations to key authorities which will assist the Court in understanding and ruling on the issues.**

- Walgreen Co. v. Sara Creek Prop. Co., B.V., 966 F.2d 273, 279 (7th Cir. 1992).

- Handy Andy Home Improvement Ctrs., Inc. v. Am. Nat'l Bank and Trust Co. of Chicago, 532 N.E.2d 537, 542 (Ill. App. Ct. 1988).

II.  **DRAFT SCHEDULING ORDER REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE ("FED. R. CIV. P.") 16(B)**

**Pre-Discovery Disclosures**: The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) on or before January 29, 2008.

**Discovery Plan**: Discovery to close on July 15, 2008. All dispositive motions should be filed by September 15, 2008.

**Other Items**: Deadline to amend pleadings and to join additional parties is February 15, 2008.

III.  **TRIAL STATUS**

A.  **Whether or not a jury has been requested**

Plaintiff demands trial by jury on all matters appropriately tried to a jury.

- 2 -

CHICAGO/#1733755.2

**B.     Probable length of the trial.**

The parties anticipate a trial of this case should take approximately two to four days.

IV.    **CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

The parties do not consent to proceed before a magistrate judge.

V.     **SETTLEMENT STATUS**

Settlement discussions are ongoing.

Dated: January 10, 2008

Respectfully submitted,

| BACK TO BED, INC. | MID-AMERICA MANAGEMENT CORPORATION |
|---|---|
| By: _/s/_ *[signature]*<br>One of Its Attorneys | By: _Kristin Sculli_, by permission (court)<br>One of Its Attorneys |
| Stanley B. Block<br>Chad A. Schiefelbein<br>William W. Thorsness<br>Vedder, Price, Kaufman & Kammholz, P.C.<br>222 North LaSalle Street, Suite 2600<br>Chicago, Illinois 60601-1003<br>Telephone: (312) 609-7500<br>Facsimile: (312) 609-5005 | David T. Meehan<br>Kristin H. Sculli<br>McGuireWoods, LLP<br>77 West Wacker Drive, Suite 4100<br>Chicago, Illinois 60601-1635<br>Telephone: (312) 849-8100<br>Facsimile: (312) 849-3690 |

CHICAGO/#1733755.2